UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FOLA ALABI,<br>a/k/a "FOLAYEMI ALABI"<br>Defendant. | Criminal Case No. 22-74-WES |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) and (C), of the Federal Rules of Criminal Procedure, the United States and Defendant, FOLA ALABI, have reached the following agreement:

1. Defendant's Obligations.

   a. Defendant will plead guilty to Counts 1 and 3 of the Superseding Indictment, which charge Defendant with Conspiracy to Commit Offenses Against the United States (Count 1), in violation of 18 U.S.C. § 371, and Money Laundering (Count 3), in violation of U.S.C. § 1956(a)(1)(B)(i).

   Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

   b. Defendant will promptly submit a completed Department of Justice Financial Statement to the U.S. Attorney's Office, in a form that the U.S. Attorney's Office provides and as it directs. Defendant agrees that his financial statement and disclosures will be complete, accurate, and truthful. Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him to evaluate Defendant's ability to

satisfy any financial obligation that may be imposed by the Court.

  c. Defendant further agrees:

    (i) to identify all assets over which Defendant exercises or exercised control, directly or indirectly, within the past five years, or in which Defendant has or had during that time any financial interest. Defendant further agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by Defendant. Defendant further agrees to provide and/or consent to the release of Defendant's tax returns for the previous five years. Defendant further agrees to forfeit to the United States all of Defendant's interests in any asset of a value of more than $1000 that, within the last five years, Defendant owned, or in which Defendant maintained an interest, the ownership of which Defendant fails to disclose to the United States in accordance with this agreement.

    (ii) to forfeit all interests in any money laundering-related asset that Defendant currently owns, has previously owned, or over which Defendant currently, or has in the past, exercised control, directly or indirectly, and any property Defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of Defendant's offense, including but not limited to the following specific property:

Real Property:

  (a) Certain real property located at 11018 CROFTMORE DR., RICHMOND, TEXAS, titled to Moriamo Anike Alabi and Fola Alabi and legally described as follows:

2

>LOT 1, BLOCK 3, OF AIANA SEC 54, A SUBDIVISION IN FORT BEND COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN PLAT NO. 20160044, OF THE PLAT RECORDS OF FORT BEND COUNTY, TEXAS

Financial Account:

(b)   An interest up the amount of $31,773.22 that was in Bank of America Account # 0376, held in the name of RAY OF HOPE FOUNDATION, INC. on May 23, 2022

Defendant warrants that Defendant is the owner of all of the property listed above, and agrees to hold the United States, its agents, and its employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

(iii) to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

(iv) to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating

illegal conduct, property involved in illegal conduct giving rise to forfeiture, substitute assets for property otherwise subject to forfeiture.

(v) to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant also understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

d. Pursuant to 28 U.S.C. §§ 2461(c), 981(a)(1)(C), and 982(a), and based on Defendant's commission of the illegal acts of Conspiracy to Commit Offenses Against the United States and Money Laundering, as charged in Count 1 and 3 of the Superseding Indictment, Defendant agrees to forfeit a sum of money in the amount of at least $1,640,421.00.

(i) If the said money judgment amount has not been paid as of the date of sentencing, the agreed-upon money judgment forfeiture shall nonetheless become a part of the judgment of sentence, and the United States shall be entitled pursue the seizure and forfeiture of any and all substitute assets in order to satisfy the money judgment forfeiture, pursuant to 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e).

(ii) Defendant agrees to consent to the entry of an order of

4

forfeiture for the above-specified money judgment amount, and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

      e.  Defendant agrees that the total restitution amount in this case is at least $1,640,421.00.

  2.    Government's Obligations. In exchange for Defendant's pleas of guilty:

      a.  The United States and Defendant will recommend to the Court, as a reasonable sentence, that Defendant be sentenced to a term within the range of 24-37 months of incarceration. The parties understand that if this plea agreement is accepted by the Court, the Court will impose a sentence of between 24-37 months of incarceration. Defendant is aware that his sentence is within the sound discretion of the Court. Defendant further understands that under Rule 11(c)(1)(C), the Court may accept or reject the plea agreement, or may defer its decision as to its acceptance or rejection until it has considered the presentence report.

      (a)(1)  If the Court rejects the plea agreement, the Court shall, on the record, inform the parties of this fact, and afford Defendant an opportunity to withdraw the guilty plea, and advise Defendant that if Defendant persists in a guilty plea,

the disposition of the case may be less favorable to Defendant than that contemplated in the plea agreement.

(a)(2)   In addition, as part of the terms and conditions of this plea agreement, the parties agree that should the Court reject the plea agreement, and should Defendant persist in a guilty plea, the United States reserves its right to withdraw from its obligations under the same.

b.   For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

c.   As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

d.   The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

e.   The government will, at the time of sentencing, move to dismiss Counts 2, 4, 5, and 6 of the Superseding Indictment.

3.  Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4.  The United States and Defendant stipulate and agree to the following facts under the guidelines:

    a.  From approximately May 2021 to May 2022, Defendant, and others, agreed to launder the proceeds of mail fraud. Specifically, Defendant created and caused to be created companies in the name of FULL CIRCLE IMPORTS EXPORTS, INC., MOBAGOLD, and RAY OF HOPE FOUNDATION INC. and opened banks accounts in those names to deposit the fraudulent proceeds. After victims, including Victims JH, RK, DS, SW, GR, DC, JS, SC, DP, SH, JM, and MN, were convinced by other co-conspirators through an online romance scam in which the co-conspirator would impersonate a military general or by a false investment opportunity to send money via cash or cashier's check to Defendant's residence at 11018 Croftmore Dr., Richmond, Texas, Defendant then laundered those funds through bank accounts that he controlled and then laundered those funds overseas. The bank accounts where the funds were laundered included FULL CIRCLE IMPORTS EXPORTS, INC., MOBAGOLD, and RAY OF HOPE FOUNDATION INC. and then the funds were wire transferred overseas to China and India. Defendant knew that funds that he received were proceeds of fraud and

that his transfers of the funds were designed in whole or in part to conceal or disguise the nature, location, source, ownership, and control of the proceeds.

For example, on or about November 26, 2021, Victim JH was instructed by a conspirator falsely portraying himself as William Smith, a diplomat and friend to purported General Austin Miller, to mail a cashier's check to FULL CIRCLE IMPORTS EXPORTS INC. at 11018 Croftmore Dr., Richmond, TX 77407. After Victim JH's cashier's check was mailed to 11018 Croftmore Dr., Defendant deposited Victim JH's $60,000 cashier's check into First Service Credit Union (FSCU) Account #2685 in the name of FULL CIRCLE IMPORTS EXPORTS, INC. on November 29, 2021.

Some of the packages containing victims' cashiers checks and cash were photographed and video-recorded by Defendant or another individual acting at Defendant's direction and found on Defendant's cellphone extractions. For instance, on or about February 7, 2022, M.A. received, recorded, and sent to the Defendant via WhatsApp a video of a mailing envelope sent by Victim MN containing a white envelope with "For General Austin Scot Miller Sr" handwritten on the envelope and $3,000 in cash inside which was comprised of twenty-nine $100 bills and four $20 bills.

      b.    For sentencing guideline calculations, the loss amount is at least $1,640,421.00, and therefore, U.S.S.G. § 2B1.1(b)(1)(I) is applicable to this case pursuant to U.S.S.G. § 2S1.1(a)(2). Accordingly, the base offense level is 24 pursuant to U.S.S.G. § 2S1.1(a)(2).

5. Except as expressly provided in the preceding paragraph and paragraph 2(e), there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

6. The maximum statutory penalties for the offenses to which Defendant is pleading are:

pleading are:

(i) Count 1: 5 years imprisonment; a fine of $250,000; a term of supervised release of 3 years; a mandatory special assessment of $100;

(ii) Count 2: 20 years imprisonment; a fine of $500,000; a term of supervised release of 3 years; a mandatory special assessment of $100.

If imposed consecutively, the maximum penalties for all offenses to which Defendant is pleading guilty are 25 years imprisonment; a fine of $750,000; and a term of supervised release of 6 years. The mandatory special assessment totals $200.

7. Defendant agrees that, after Defendant and Defendant's counsel sign this plea agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

8. Defendant is advised and understands that:

    a. The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

    b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

    c. Defendant has the right to a jury trial;

    d. Defendant has the right to be represented by counsel – and if necessary have the Court appoint counsel – at trial and every other stage of the proceeding;

    e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

    f. Defendant waives these trial rights if the Court accepts a plea of guilty.

    g. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable or deportable offenses. Likewise, if Defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization as well as removal and deportation. Removal, deportation, denaturalization, and other immigration consequences are the subject of separate proceedings, however, and Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any

immigration consequences that his plea may entail, even if the consequence is his removal or deportation from the United States or his denaturalization.

9. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10. Except for paragraphs 2 and 4, above, the parties have made no agreement concerning the application of the guidelines in this case.

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

12. Defendant hereby waives Defendant's right to appeal the convictions and sentences imposed by the Court, if the sentences imposed by the Court are within 24-37 months. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

17. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

| | |
|---|---|
| **FOLA ALABI**<br>Defendant | 01.11.2023<br>Date |
| **REBECCA AITCHISON**<br>Counsel for Defendant | 1/11/23<br>Date |
| **LY T. CHIN**<br>Assistant U.S. Attorney | 1/11/23<br>Date |
| **LEE H. VILKER**<br>Assistant U.S. Attorney<br>Chief, Criminal Division | 1/11/23<br>Date |