# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| UNITED STATES,<br>    Plaintiff,<br><br>    v.<br><br>FOLA ALABI,<br>a/k/a "FOLAYEMI ALABI"<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 22-cr-74-MRD-PAS |

## MEMORANDUM AND ORDER

Melissa R. DuBose, United States District Judge.

"[A] defendant's decision to plead guilty generally involves a conscious decision to accept both the benefits and burdens of a bargain and that decision should not be lightly undone by buyer's remorse on the part of one who has reaped the advantage from the purchase." *Christian v. Ballard*, 792 F.3d 427, 454 (4th Cir. 2015) (quotation modified). This is the case here. Fola Alabi pleaded guilty to offenses he was charged with in Criminal Indictment 22-cr-74 (ECF Nos. 9, 35), and after reaping the advantages of the Plea Agreement, he asserted that his Counsel was ineffective. After looking to the docket, the Plea Agreement, and transcripts of the proceedings, the Court concludes that Mr. Alabi's claims under 28 U.S.C. § 2255 fail, and the Motion to Vacate is DENIED.

## I.    BACKGROUND

In 2022, Fola Alabi was charged in a four-count indictment (ECF No. 9) with conspiracy to launder money and three counts of money laundering. A superseding

indictment (ECF No. 35) then charged Alabi with conspiracy, mail fraud, money laundering, prohibition of unlicensed money transmitting business, obstructing an official proceeding, and false statements. On January 11, 2023, one week after the superseding indictment was filed, Alabi signed a Plea Agreement, in which Alabi agreed to plead guilty to conspiracy and money laundering and the Government agreed to dismiss the remaining counts. Corrected Plea Agreement §§ 1(a), 2(e) (ECF No. 42). The charges Alabi pleaded to carried a maximum sentence of twenty-five years imprisonment, however, in exchange for Alabi's plea the Government agreed to recommend a sentence of 24-37 months of incarceration. *Id.* §§ 2(a), 6.

At the January 13, 2023 Plea Hearing, Alabi was placed under oath before the Court began its colloquy. Plea Hr'g Tr. 2: 13-16 (ECF No. 86-1). The Court began by asking Alabi about his age, how far he went in school, if he was being treated for any mental illness or addiction, and if he was under the influence of any substance at the time of the hearing. *Id.* at 3: 8-20. Those questions were answered to the Court's satisfaction. *Id.* at 1-3. The Court then confirmed Alabi had received a copy of – and read – the superseding indictment. *Id.* at 3:22-4:3. After Alabi acknowledged receiving and reading the superseding indictment, the Court asked him if he had "an opportunity to review the plea agreement before [he] signed it?" *Id.* at 4:7-12. Again, Alabi answered "[y]es, your Honor." *Id.* He was asked if he had the opportunity to discuss the charges and Plea Agreement with his attorney, to which he stated, "yes I did." *Id.* at 4:16-20. Alabi affirmed that his attorney was able to satisfactorily answer all his questions and went on to agree that he was fully satisfied with the

2

representation he received in the case. *Id.* at 4:24-5:2. The colloquy continued with the Court confirming that *he* was making the decision to plead guilty free of threats and because it was in his best interest. *Id.* at 5:8-15 (emphasis added). At the end of the hearing, Alabi pleaded guilty, and the Court accepted Alabi's guilty plea. *Id.* at 19.

On April 25, 2023, the Court accepted the binding Plea Agreement and sentenced Alabi to 37 months of incarceration followed by 3 years of supervised release, restitution in the amount of $1,495,421.00, and other conditions. Before imposing sentence, the Court engaged in a colloquy about the purpose of the sentencing hearing, explained the applicable sentencing guidelines, and indicated an intention to accept the binding plea. Sentencing Hr'g Tr. 2-4 (ECF No. 86-4). Throughout the hearing, Alabi never suggested a desire to withdraw his plea or expressed dissatisfaction with his Counsel. *See generally* ECF No. 86-4.

A few months after he was sentenced, Alabi moved to compel Defense Counsel to surrender the case file (ECF No. 60) and followed that up with two Motions to Vacate under 28 U.S.C. § 2255 (ECF Nos. 66 and 74), the latter now ready for ruling by this Court.[1] The pending Motion to Vacate alleges several counts of ineffective assistance of counsel by Alabi's attorney. ECF No. 74 at 4-11. In December 2024, the Court directed Alabi to clarify the nature of the relief sought because his motions failed to identify whether he is seeking to vacate his sentence or his conviction. The

---

[1] The Motion to Vacate filed on April 23, 2024 (ECF No. 66) was denied as moot after the Second Motion to Vacate (ECF No. 74) was filed on May 28, 2024.

Court's December 11, 2024 Text Order queried, in relevant part, the following: "If [Alabi] sought to challenge his sentence, then his Second Petition would be moot; but if he sought to vacate his conviction, then his Second Petition would not be moot." Text Order 12/11/2024.  On April 8, 2025, Alabi responded that "I seek vacation of my sentence. Relief seek [*sic*] is to vacate my sentence." Resp. to Text Order (ECF No. 85).  The Government then filed its Opposition to the Motion to Vacate, arguing the Motion is time-barred and that Alabi has failed to carry his burden. Def.'s Resp. in Opp'n (ECF No. 86).  The arguments are addressed in turn below.

## II.  LEGAL STANDARDS

"In all criminal prosecutions, the accused shall enjoy the right to . . . the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  The "Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight."  *Sleeper v. Spencer*, 510 F.3d 32, 38 (1st Cir. 2007) (quoting *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003)).  A motion to vacate under 28 U.S.C. § 2255 must be brought within 1-year of a triggering event, like "the date on which the judgment of conviction becomes final."[2]  28 U.S.C. § 2255(f)(1).

---

[2] The statute provides that "[t]he limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f).

To establish that counsel was ineffective, the Supreme Court requires both deficient performance and prejudice be proven by a preponderance of the evidence. *Sleeper*, 510 F.3d at 38 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Lema v. United States*, 987 F.2d 48, 51 (1st Cir. 1993). The first prong requires a defendant to show that counsel's performance "fell below an objective standard of reasonableness under the circumstances." *Id.* The inquiry into counsel's performance "is a highly deferential review, making every effort to 'eliminate the distorting effects of hindsight.'" *Id.* (quoting *Strickland*, 466 U.S. at 689). The second prong, establishing prejudice, requires the defendant to "show that, but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different." *Id.* at 39. The Court need not evaluate both prongs of the *Strickland* test "if the evidence as to either is lacking."

When attacking a guilty plea, the defendant must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see United States v. Caramadre*, 807 F.3d 359, 371 (1st Cir. 2015). In assessing the allegations, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The Court need not give weight to "conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

5

When the Court dismisses a § 2255 claim without holding a hearing (here, Alabi did not request one), allegations of fact in the petition are taken as true "'unless those allegations are merely conclusory, contradicted by the record, or inherently incredible.'" *Ellis v. United States*, 313 F.3d 636, 641 (1st Cir. 2002) (citing *Mack v. United States*, 635 F.2d 20 26-27 (1st Cir. 1980)); *see United States v. Metellus*, 191 F. Supp. 3d 174, 175 n.1 (D.R.I. 2016).

## III.  DISCUSSION[3]

Alabi's Motion to Vacate is premised on the contention that his Counsel was ineffective for myriad reasons.  He claims that his attorney did not: (1) explain the Plea Agreement or provide him with a copy, (2) investigate the loss amount, (3) review the loss amount or list of victims, (4) present self-described exculpatory evidence to the Court, (5) consider his state of mind on the morning of the Plea Hearing, (6) provide information in her possession "regarding evidential hearing," (7) encourage

---

[3] While the government raises the possibility that Alabi's motion is time-barred, it does not develop this argument with any depth or detail. The Court notes that, for Alabi's Second Motion to Vacate to be timely it must have been brought within one year from the latest of a triggering event. 28 U.S.C. § 2255(f). One such triggering event, and the one applicable here, is "(1) the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). The Court imposed Alabi's sentence, and the judgment of conviction became final, on May 12, 2023. ECF No. 56. Alabi filed a Motion to Vacate on April 23, 2024 and he followed it up with a substantively identical filing – Second Motion to Vacate – on May 28, 2024. ECF Nos. 66, 74. Alabi needed to file a motion under 28 U.S.C. § 2255 on or before May 12, 2024. His original Motion was filed within the prescribed time period but the Second Motion to Vacate was filed out of time and without leave of Court. Because the Court provides pro se filers some latitude, it will assume without deciding that, because the first motion was timely filed, there is no bar to adjudicating the second motion as the operative motion, especially because both filings raise the same argument.

trial in favor of plea bargaining, and (8) obtain the superseding indictment before Alabi's proffer session.  ECF No. 74.  All these assertions are explicitly contradicted by the record, and Alabi's failure to develop a record to the contrary is fatal to his petition.

### A.    Ineffective Assistance of Counsel

To begin the inquiry, the Court's analysis will focus on the first part of the *Strickland* test – whether Counsel's performance was deficient.  466 U.S. at 687.  In examining this prong and the claims, the Court relies on the Plea Agreement (ECF No. 42), the transcript of the Plea Hearing (ECF No. 86-1), the transcript of the sentencing hearing (ECF No. 86-4), and the Affidavit of Rebecca Aitchison (ECF No. 86-2) – Alabi's Counsel.

Alabi's contentions about his Counsel's alleged deficiencies can be categorized into two buckets: (1) deficiencies regarding the plea and (2) deficiencies in Counsel's investigation and advice.[4]  To prevail on his claim, Alabi must establish by a preponderance of the evidence that Counsel's advice and performance were so deficient that "but for [her] errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also Caramadre*, 807 F.3d at 371; *Lema*, 987 F.2d 48, 51 (1st Cir. 1993).

Many of Alabi's arguments are contradicted by reviewing his Counsel's Affidavit and transcripts of the plea and sentencing hearings.  Alabi contends that he

---

[4] Alabi's Motion also asserts prosecutorial misconduct and lack of jurisdiction. ECF No. 74 at 11.  The Motion fails to develop these claims, nonetheless they are rejected for the reasons stated in ECF No. 86 at 17-19.

was not provided with a copy of his Plea Agreement, that it was not explained, and that he was not given an opportunity to withdraw his plea before presenting it to the Judge. ECF No. 74 at 4. With respect to not being provided a copy of the Plea Agreement, Counsel's January 11, 2023 mailing to Mr. Alabi specifically stated, "[e]nclosed please find a copy of the Plea Agreement we reviewed today." Aitchison Aff. at Exhibit A (ECF 86-2). And the Plea Hearing transcript confirms that Alabi reviewed the Plea Agreement before the proceeding:

| | |
|---|---|
| The Court: | And there's a plea agreement in this case that you have signed. That plea agreement, did you have an opportunity to review the plea agreement before you signed it. |
| The Defendant: | Yes, your Honor. |
| The Court: | Do you feel you understand all the terms of the plea agreement? |
| The Defendant: | Yes, I do, your Honor. |
| The Court: | Now, did you also have an opportunity to discuss both the charges against you and the plea agreement with your attorney, Ms. Aitchison, before you signed the plea agreement. |
| The Defendant: | Yes, I did. |

ECF No. 86-1 at 4; 8-20. The Court is persuaded by Attorney Aitchison's testimony that it is her usual practice "to be very clear with [her] clients about their option to go to trial or enter into a plea," and that she "thoroughly reviewed Mr. Alabi's options with him prior to his decision to enter a plea of guilty." Aitchison Aff. ¶ 3 (ECF No. 86-2). After Alabi made the decision to plead guilty, his Counsel "provided [him] a

copy of his plea agreement to review after he signed it by mailing it to him on January 11, 2023." *Id.* The Court finds the record explicitly contradicts Alabi's claims about not receiving or reviewing the Plea Agreement.

The same can be said for Alabi's claims that his Counsel did not consider his state of mind on the morning of the Plea Hearing. Part of the Court's colloquy focused on his state of mind. ECF No. 86-1 at 3. Alabi's answers satisfied the Court, and he raised no concerns about his state of mind at the hearing. *Id.* The Court finds Alabi's claims are expressly contradicted by the well-developed record, and the Court gives no weight to the claims relating to the Plea Hearing or Agreement. *See McGill*, 11 F.3d at 225.

Alabi's next set of claims pertain to his Counsel's investigation and advice. Again, these are a set of allegations that were never raised during Alabi's plea or sentencing hearings. *See generally* ECF Nos. 86-1 and 86-4. Contrary to his current contention, his Counsel had no duty to make frivolous arguments or objections to sentencing enhancements. *See United States v. Gonzalez-Arias*, 946 F.3d 17, 36 (1st Cir. 2019) (stating in the context of a motion to withdraw that "a defendant isn't entitled to swap appointed counsel just because he . . . disagrees with their reasonable tactical decisions not to file frivolous papers [.]"). Besides this, according to Attorney Aitchison and the transcripts, Alabi understood and agreed with Counsel's decisions. First, Counsel's Affidavit says that Alabi "ultimately agreed to accept the calculation set forth in the plea agreement." ECF No. 86-2 at 3. Second, Counsel confirmed on the record that she reviewed the Presentence Report with Alabi and that any

9

objections to the report were resolved. ECF No. 86-4 at 2:24-3:7. No concerns about Counsel's representation were expressed during the colloquy, despite being given ample opportunity to do so. *See, e.g.*, ECF No. 86-1 at 4, 5; 23-25, 1-2 (Alabi affirming for the Court that he is satisfied with Counsel's representations throughout the case).

The Court views this case as one of buyer's remorse. Alabi made "a conscious decision to accept both the benefits and burdens of a bargain," and now that he "has reaped the advantage from the purchase" he seeks to undo the sentence. *Christian*, 792 F.3d at 454. And to be clear, he reaped the benefits of a Plea Agreement in more ways than one. First, he received 37 months incarceration on charges that carried up to 300 months incarceration. The sentencing Judge's statements – that he was "not sure the high end of 37 months is really adequate to reflect the nature of the offense" and that he "could easily justify a sentence greater than that, but [he] appreciat[ed] the effort that has been put into this by both the government and [his] counsel" – highlight this benefit. ECF No. 86-4 at 24:23-25:5. Next, in exchange for his plea, the Government agreed to dismiss four counts that carried a combined total of 50 years incarceration. ECF No. 42 § 2(e). In sum, Alabi's exposure for all charges in the Superseding Indictment was over 75 years' incarceration. He served 37 months.

Alabi's failure to demonstrate deficient performance by counsel ends the Court's analysis, and it need not analyze the second part of the *Strickland* test. *See Sleeper*, 510 F.3d at 39. Now that Alabi is out of prison and on supervised release, he asks this Court to find that his Counsel was ineffective. His claims, directly

contradicted as they are by the record, have no merit, never mind proven by a preponderance of the evidence. The Court therefore denies his Motion to Vacate under 28 U.S.C. § 2255.

### B.   Hearing Not Required

The Court arrives at this conclusion after reviewing the Motion "and the files and records of the case." 28 U.S.C. § 2255(b). Alabi's allegations of fact were both "merely conclusory" and "contradicted by the record," and so he is not entitled to a hearing. *See Metellus*, 191 F. Supp. 3d at 175 n.1 (quoting *Ellis*, 313 F.3d at 641) (dismissing a § 2255 motion without holding a hearing based on a record that conclusively refuted plaintiff's claims); *see also Ellis*, 313 F.3d at 641 (restating the principle that a hearing is not necessary when the allegations are "merely conclusory, contradicted by the record, or inherently incredible"). Alabi never requested a hearing nor does the Court need the assistance of a hearing to aid its decision that the Motion is without merit and should be denied.

## IV.   CONCLUSION

Alabi's Second Motion to Vacate under 28 U.S.C § 2255 is DENIED.


IT IS SO ORDERED.

_____
Melissa R. DuBose
United States District Judge


June 30, 2025